JOHN MERRILL *versus* CALEB BURBANK & *al.*

Where a deed is made by one seized in fee of the premises, and having a perfect right to convey the same, other persons cannot question its efficacy in giving title to the grantee, unless it be upon the ground, that they are creditors of, or *bona fide* purchasers from the grantor; or are holders under such creditors or *bona fide* purchasers, or have authority from them.

Where the debtor is sole seized of the whole of a parcel of land, and a levy is made upon an undivided portion thereof, and no reason is given in the return of the appraisers or of the officer for not setting it off by metes and bounds, such levy cannot be upheld.

If a levy be made by virtue of an execution in favor of " H. M. treasurer of the town of P." J. B. his successor in the office of treasurer, without any special authority from H. M. or from the town, cannot, by his deed, transfer the title to the land levied upon.

In an action of trespass *quare clausum*, the defendant cannot avail himself of the title of a third person, without showing both the title and the command or permission of that person.

TRESPASS *quare clausum.*

The plaintiff claimed under a deed from Samuel Chase, dated Nov. 13, 1838, and forthwith recorded.

The defendant admitted the committing of the acts alleged

to have been trespasses, and justified the same under a title originating in a levy upon the same premises of an execution against said Chase in favor of "Hardy Merrill, as he is treasurer of said town of Parsonsfield." The attachment was made on Nov. 23, 1838; and the levy was made on Nov. 9, 1839, on "one hundred and thirty-seven two hundred and sixtieths of said land and buildings in common and undivided," the debtor then and at the time of the attachment owning the whole or no part of the premises. No reason was given for levying upon an undivided share. That suit was founded upon a note given to Hardy Merrill, treasurer of Parsonsfield, by said Chase as principal, and by David Chase and Tristram Redman, as his sureties, dated April 15, 1837. On March 8, 1840, John Brackett, treasurer of Parsonsfield, by deed of that date, but without any special authority from the town, or from Merrill, conveyed the premises to Redman, who on the next day conveyed the same to Isaac Moore. The case states that the entry was made, and the acts alleged to be trespasses were done "by the defendants, under the claim of authority to do so, as and for the executor of the last will of Isaac Moore, who had deceased."

As the plaintiff's deed from Chase was prior to the title set up by the defendants, the latter contended that the deed from Chase to the defendant was fraudulent as to creditors, and introduced testimony, from which it appeared that the farm of Chase, part of which was covered by the levy, was of the value of about one thousand dollars; that Chase was indebted to the plaintiff, at the time the deed was made, in the sum of $274,00; that at this time there were attachments upon the farm to the amount of $428,00; that Merrill agreed verbally either to pay Chase the balance above these two sums, or to give an agreement in writing to reconvey on being paid the amount and interest, but that it was not done at that time because the exact amount of the attachments could not be then ascertained, and nothing further was done at that time; and that on Feb. 8, 1839, the plaintiff paid Chase $100,00, and refused to do any thing further. The suits, wherein attach-

ments were made prior to the plaintiff's deed, went to judgments which were satisfied by levies upon the farm.

SHEPLEY J. presiding at the trial, was of opinion that the deed of the plaintiff was fraudulent as to prior creditors of Chase, if the levy was legally made. It was agreed for that trial, that it should be so considered, and the plaintiff consented to become nonsuit, subject to the opinion of the Court. "If the Court should be of opinion that the plaintiff might recover, or that the levy was not legally made so as to give a title under it, the nonsuit was to be set aside, and a new trial granted, or the action disposed of according to the legal rights of the parties."

*Howard*, for the plaintiff, contended that the action could be supported, although the plaintiff's deed of the premises was to be considered void as to the prior creditors of the grantor. Even if fraudulent, it is good between the parties, and good against all who can show no title as, or under, prior creditors, or *bona fide* purchasers of Chase. There being no adverse possession, the deed gave seizin and possession, and enabled the plaintiff to maintain the action against all who cannot show such title.

The town of Parsonsfield were the creditors of Chase, but Hardy Merrill was not his creditor. The levy gave no title to the town. The agreement at the trial was merely not to take advantage of the mode of making the levy, but left all other objections open to us. If then the defendants made title under Merrill, they acquired no rights as prior creditors, Hardy Merrill not being such.

The case shows, that Brackett had no authority to make the conveyance to Redman, either from Hardy Merrill, or from the town of Parsonsfield. Nothing, therefore, passed by his deed to Redman, and Redman, having neither seizin nor possession, could pass nothing by his deed to Moore. Moore had no right whatever to the premises, and could not question our title.

But even if the levy was good, and Moore had derived title under it, the defendants have not shown any rights under him.

They do not claim under his heirs or devisees, but merely under his executor, who had no right whatever to intermeddle with the real estate. *Henshaw* v. *Blood*, 1 Mass. R. 35; *Drinkwater* v. *Drinkwater*, 4 Mass. R. 354; *Gibson* v. *Farley*, 16 Mass. R. 280; *Holmes* v. *Moore*, 5 Pick. 257.

*Caverly*, for the defendants, contended, that the plaintiff could not support his action.

The deed from Chase to Merrill was fraudulent as to the prior creditors of Chase, and in fact, as to all creditors. There was no consideration paid at the time. The delivery up of the notes, afterwards, for a small portion of the value, and the payment of the one hundred dollars, could not alter the true character of the transaction. The plaintiff intended throughout to defraud the creditors of Chase. Cowper, 432; 1 Burr. 396; 4 T. R. 432; 8 Greenl. 373; 2 Metc. 104; 7 Cowen, 301; 10 Wend. 240; 21 Maine R. 414.

The defendants show a title in those persons by whose license they entered. By the levy, Hardy Merrill, as treasurer of Parsonsfield, took the land as an incident to the debt, which was due to him in his capacity of treasurer, and it was held as the note had before been, and as such it passed by the deed of the succeeding treasurer, Brackett, on being paid the amount due on the note; and Redman conveyed the same to Moore. But if these deeds did not pass the legal estate, the defendants may justify under the equitable title, which is in those under whom they claim to hold. *Reed* v. *Woodman*, 4 Greenl. 406.

The levy was not defective, although made of an undivided share, the whole being described by metes and bounds. 13 Mass. R. 57; 14 Mass. R. 404; 3 Greenl. 288.

The plaintiff is but a fraudulent grantee of Chase, and cannot impeach the title under which the defendants justify. 6 Greenl. 162; 21 Maine R. 417; 13 Pick. 298.

The plaintiff cannot maintain this action of trespass. The levy of the execution on the land, and delivery of seizin, gave the seizin to the creditor. This action is not brought for the original act done, on entering upon the land, but for a subse-

quent act, while in possession. When a man is once seized, he is presumed to continue so, until the contrary is proved. The plaintiff has shown no entry upon the land since, and cannot maintain this action, if we fail of showing title in ourselves. 17 Mass. R. 302 ; 1 Shepl. 90 ; 4 Mass. R. 416.

The opinion of the Court was drawn up by

WHITMAN C. J. — The deed, under which the plaintiff claims title to the *locus in quo*, was made to him by one Chase, who was, at the time, seized in fee, and had a perfect right to make the conveyance. Other persons can have no right to question its efficacy, unless it be upon the ground, that they are creditors of, or *bona fide* purchasers for a valuable consideration from Chase; or the holders under such creditors or *bona fide* purchasers. The defendants are not in either of these predicaments. They claim to have entered, and to have done the acts complained of, " as and for the executors of the last will of Isaac Moore, who had deceased." It does not appear that the executors of Moore had any authority by his will to enter upon the real estate of which he may have died seized; and of course could not have imparted any such authority to any one else, unless duly licensed, as by law provided, to make sale thereof; and no such license appears in this case.

There are other serious difficulties to be overcome by the defendants, before they can hope to succeed in their defence. The levy set up was of an undivided portion of a certain parcel of real estate ; and it does not appear, that the debtor was not sole seized of the whole ; nor is there any reason assigned, by the officer making the levy, for not setting it off by metes and bounds. The certificate of the appraisers affords clear indications, that the debtor was sole seized of the whole of the parcel, and the return of the officer does the same. Such a levy cannot be upheld. But a still graver objection, as it appears to me, exists to the ground of defence. The levy was made by virtue of an execution in favor of " Hardy Merrill as he is treasurer of the town of Parsons-

field." The fee in the premises must have vested, if at all, in trust for the inhabitants of that town; whereupon they, by virtue of the statute of Henry the 8th, for transferring uses into possession, would have become seized thereof, so that Merrill as treasurer, or otherwise, could not have transferred it without special authority from the *cestuis que use* for the purpose; and surely a subsequent treasurer, as is attempted to be set up in this case, without any such special authority, could not have conveyed the same.

If it could be urged, that the inhabitants of Parsonsfield were seized by virtue of the levy, still the defendants could not set up title in them, and claim to have entered by their command; for it would be necessary to show the command as well as the title. *Chambers* v. *Donaldson & al.* 11 East, 65. And it could not be shown that they had any such authority to enter.

The nonsuit, therefore, must be taken off; and, in pursuance of the agreement of the parties, a default must be entered.